Swinyer  v. Greenwood Trust Co.       CV-97-488-SD  07/06/98
                UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


Mary B. Swinyer

        v.                              Civil No. 97-488-SD

Greenwood Trust Company;
Discover Financial Services;
Discover;
Novus Services, Inc.


                        O R D E R

    In this action, plaintiff Mary B. Swinyer seeks damages from

defendants Greenwood Trust Company, Discover Financial Services,

Discover, and Novus Services, Inc. (Novus).  Swinyer alleges the

defendants violated the Federal Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, et seq., and New Hampshire common and

statutory law.  Currently before the court is defendants' motion

to dismiss.


                        Background

    Swinyer's claims arise from attempts to collect a balance

due on her Discover card.  According to plaintiff, after not

receiving a statement for two months, she called Discover.  The

representative she spoke with told her that she had not received

a bill because of her bankruptcy.  Swinyer, however, had not

filed for bankruptcy and so informed the representative. Shortly after this conversation, plaintiff began to receive phone calls from Discover demanding immediate payment of her overdue balance. Plaintiff also received dunning letters from Discover and Novus.

## 1. Standard of Review

When a court is presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A motion to dismiss pursuant to Rule 12(b)(6) requires the court to review the complaint's allegations in the light most favorable to plaintiff, accepting all material allegations as true, with dismissal granted only if no set of facts entitles plaintiff to relief. See, e.g., Scheuer, supra, 416 U.S. at 236; Berniger v. Meadow Green-Wildcat Corp., 945 F.2d 4, 6 (1st Cir. 1991); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

## 2. Federal Fair Debt Collection Practices Act

Defendants argue that plaintiff does not state a claim under the Federal Fair Debt Collection Practices Act (the Act) because

2

plaintiff has not alleged that defendants are "debt collectors" as defined by the Act. According to the Act,

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be due to another. . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . .

15 U.S.C. § 1692a(6). Thus the Act generally excludes creditors attempting to collect debts owed to them. See Harrison v. NBD Inc., 968 F. Supp. 837, 841 (E.D.N.Y. 1997); James v. Ford Motor Credit Co., 842 F. Supp. 1202, 1207 (D. Minn. 1994), aff'd, 47 F.3d 961 (8th Cir. 1995). According to defendants, because Greenwood Trust was the creditor, it does not fall within the statutory definition of "debt collector." It is apparent from plaintiff's complaint that Greenwood was a creditor, and plaintiff does not allege that it was not. The complaint states the "[d]efendants are . . . engaged in the business of consumer credit transactions. . . ." Furthermore, the bottom of plaintiff's Exhibit F, a Discover statement, reads, "Discover® Card, Issued by Greenwood Trust Company."

Because Greenwood was the creditor, it cannot be sued under the Act unless it comes within the exception for a creditor who,

3

"in the process of collecting [its] own debts, use[d] any name other than [its] own which would indicate that a third person [was] collecting . . . such debts." 15 U.S.C. § 1692a(6). A creditor is liable under this provision when it controls the debt collection process or uses an alias. See Harrison, supra, 968 F. Supp. at 843. The creditor, however, is not liable under this provision when a separate entity collects its debts. See id. In this case, plaintiff has not alleged that Greenwood used a false name to attempt to collect the debt. Thus the court finds plaintiff has failed to state a claim under the Act against Greenwood.[1]

Defendants further argue that plaintiff has not stated a claim against Novus because Novus falls within the "common-ownership exception." After defining "debt collector," the Act provides a list of exceptions, one of which excludes

> any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts . . . .

_____

[1] According to defendants, Discover and Discover Financial Services are simply trade names, and not separate entities amenable to suit. To the extent they are legally cognizable entities, the above discussion would apply, and they could not be considered "debt collectors" under the Act.

4

15 U.S.C. § 1692a(6)(B). Defendant states that Greenwood and Novus are both wholly-owned subsidiaries of Novus Credit Services, Inc., and plaintiff acknowledges that defendants are related corporations. <u>See</u> Complaint ¶ 4. Based on this, defendants assert that Swinyer does not state a claim against Novus. Simply being related corporations, however, is not enough to bring a party within the exception.[2] The Act also requires that "the principal business of such a person is not the collection of debts." 15 U.S.C. § 1692a(6)(B). Swinyer's complaint alleges that Novus is a debt collector for the other defendants. <u>See</u> Complaint ¶ 4. Thus, drawing all reasonable inferences in favor of the plaintiff, as the court must when considering a Rule 12(b)(6) motion, the court finds that the complaint does state a claim against Novus.

### 3. State Law Claims

Defendant argues that the court should decline supplemental jurisdiction over Swinyer's state law claims. However, in the interest of judicial economy, because there is a federal claim

---

[2]Defendants are correct that plaintiff's knowledge of the relationship between the two entities is irrelevant. <u>See</u> <u>Aubert v. American General Finance, Inc.</u>, 137 F.3d 976 (7th Cir. 1998). In <u>Aubert</u>, however, the evidence indicated that the defendant's principal business was not the collection of debts. <u>See</u> <u>id.</u> at 978. In this case, it is too early to make this factual determination.

currently before the court, the court will retain jurisdiction over the state law claims.

## Conclusion

For the abovementioned reasons, defendants' motion to dismiss (document 6) is granted in part and denied in part:  The federal claim against Greenwood Trust Company is dismissed; the state law claims against Greenwood remain.  The motion is denied as to defendant Novus.  All claims against Discover and Discover Financial Services are dismissed.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

July 6, 1998

cc:  Lee A. Strimbeck, Esq.
     Robert M. Daniszewski, Esq.

6